Filed 2/27/24  P. v. Fagoaga CA2/4
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B319221 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA478500 |
| v. | |
| EDGARD FAGOAGA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Garcia, Judge. Affirmed.

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 2022, a jury convicted defendant and appellant Edgard Fagoaga of misdemeanor battery against a girlfriend, C.V.[1], in violation of Penal Code section 243, subdivision (e)(1).[2] The trial court suspended imposition of sentence and placed Fagoaga on summary probation for three years. Fagoaga timely appealed, and we appointed counsel to represent him. On July 5, 2023, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Fagoaga did not respond to our letter advising him of his right to file supplemental briefing. Following our review of the record pursuant to *Wende*, we affirm.

## FACTUAL BACKGROUND

### Prosecution Case

Fagoaga was in a dating relationship with C.V. for 10 months, which began in 2018. On May 18, 2019, after C.V.'s two-year-old daughter had gone to sleep, Fagoaga and C.V. were drinking alcohol at C.V.'s apartment, when C.V. confronted Fagoaga about wanting to end their relationship. When C.V. brought this up, Fagoaga began taking swigs of alcohol. Fagoaga

---

[1]     We use initials to protect the privacy of the person against whom the offense was committed.

[2]     The Los Angeles County District Attorney had charged Fagoaga with one count of injuring a spouse, cohabitant, or other statutorily enumerated individual in violation of section 273.5, subdivision (a). The jury found Fagoaga guilty of the lesser included offense of battery, and did not reach a verdict on the section 273.5 charge. All undesignated statutory references are to the Penal Code.

said he wanted to continue the relationship, then, according to C.V.'s testimony, he punched her in the face, and put her in a "chokehold" for 30 seconds to a minute during which she could not breathe. When C.V. attempted to break free, they both fell to the ground. As they fell, C.V. hit her left side on the television stand, sustaining further injuries.

C.V. was able to escape by saying she loved Fagoaga in an effort to calm him down. This worked, and she suggested they take a walk. Once outside, she ran to a neighbor's apartment and banged on the door. Fagoaga walked away, and the neighbor attempted to console C.V. as she was sobbing. C.V. went back to her apartment and called 911.

On the night of the battery, C.V. experienced pain and difficulty breathing, so she went to the hospital in an ambulance. According to the doctor who treated her at the hospital, C.V. had, among other injuries, a partially collapsed lung, fractured ribs, and a small contusion in her lung.

In addition to the May 18, 2019 battery, C.V. testified to two prior incidents when Fagoaga choked her, one of which C.V. believed resulted in her losing consciousness.

**Defense Case**

The defense's sole witness was Fagoaga's mother, Rosa Gomez. Gomez's testimony did not pertain directly to the battery that occurred in May 2019, but contradicted to some extent C.V.'s description of one of the earlier choking incidents. Gomez's account of this incident painted the physical violence in Fagoaga and C.V.'s relationship as being more reciprocal than one-sided.

3

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *Wende, supra,* 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.

4